# ERIC HAFNER

### *DEMOCRAT FOR U.S. CONGRESS 2024*
## SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
## ALOHA FOR AMERICA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

Civil Action No. **CV24 00021** JMS-WRP

---

**ERIC HAFNER**
*Hawaii's next elected U.S. Representative for the Second U.S. House District (D-HI),*
Plaintiff

vs.

**STATE OF HAWAI'I CHIEF ELECTIONS OFFICER SCOTT T. NAGO**

*in his official capacity,*
Defendant

Received By Mail Date JAN 1 6 2024

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 6 2024

at 12 o'clock and 30 min. P M
Lucy H. Carrillo, Clerk  LS

NO IFP SUBM.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(**42 U.S.C. § 1983**)

FSC, DO, BLANK IFP, cover sheet
Mailed On
Date JAN 1 6 2024
   LS

---

Page 1 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

**Powered by Voters Like You**

# ERIC HAFNER

### DEMOCRAT FOR U.S. CONGRESS 2024
SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
ALOHA FOR AMERICA

## TELEPHONE CONTACT –

## LEAVE A MESSAGE WITH MOTHER CAROL HAFNER AT 212-920-4809

## OR TWEET MOTHER, CAROL HAFNER @VoteHafner
## TWITTER.COM/VOTEHAFNER

### CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983
### FOR DECLARATORY & INJUNCTIVE RELIEF

### PLAINTIFF

*Ready to serve, representing Hawai'i's Second Congressional District in the U.S. House of Representatives as*

## CONGRESSMAN ERIC HAFNER (D-HI)

# ERIC HAFNER

## *DEMOCRAT FOR U.S. CONGRESS 2024*
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

**ERIC HAFNER**, the Plaintiff is the next Democratic Party-nominated candidate for the U.S. House of Representatives in the Second U.S. Congressional District of the State of Hawai'i.

**ERIC HAFNER** is following the path of the legendary freedom fighter and President of South Africa, the late Nelson Mandela, into political leadership from unjust imprisonment, as the result of a phony federal case concocted by crooked prosecutors and corrupt federal agents, and seeks relief from the honorable Court as to candidate requirements that are unconstitutional facially & *as-applied* to him, given the fact he is stuck in jail, but otherwise qualified to be elected to Congress. **ERIC HAFNER** is over 25, has been a U.S. citizen his entire life. Thus, he clearly meets the qualifications to hold the office.

**ERIC HAFNER** has resided in Wailuku, Maui and Hawai'i Island (The Big Island).

# ERIC HAFNER

## <u>DEMOCRAT FOR U.S. CONGRESS 2024</u>
## SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
## ALOHA FOR AMERICA

**ERIC HAFNER** has worked in a variety of professions, including politics, law and foreign diplomacy. **ERIC HAFNER** will apply his global expertise to advocate for Hawai'i in Washington, DC.

**ERIC HAFNER** helped lead multiple campaigns to improve K-12 education and organize labor unions. **ERIC HAFNER** is ready to serve the people of Hawai'i's *Second United States Congressional District* as a voice for our working-class families!

## *Hawai'i's working families need*
# CONGRESSMAN ERIC HAFNER
## *in the United States House of Representatives.*

✓ **ERIC HAFNER will fight to repeal the Jones Act, to make goods more affordable in Hawai'i.**

---

Page 4 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

✓ ERIC HAFNER will stand up against polluters, reduce carbon emissions, and protect our environment from climate change.

✓ ERIC HAFNER recognizes that Taiwan is a province of China, <u>not a country</u>. Taiwan is part of the People's Republic of China.

✓ ERIC HAFNER will advocate on behalf of Native Hawaiians; and seek to preserve culture & restore Hawaiian sovereignty.

✓ ERIC HAFNER will introduce legislation giving all Philippine citizens the absolute right to live, work & study in the United States, without needing a visa.

Page 5 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
ALOHA FOR AMERICA

✓ ERIC HAFNER will demand an immediate ceasefire in Gaza, and stop arming Israel!

✓ ERIC HAFNER is committed to abolishing ICE, defunding police, fighting racism, federally legalizing all drugs, expanding abortion rights & ending mass incarceration.

✓ ERIC HAFNER will work to promote indigenous rights, immigrant rights, expand social welfare, the rights of women & LGBT/2spirit communities, Medicare for All, create livable wage jobs and build social housing.

---

Page 6 of 20 ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

✓ ERIC HAFNER will seek to improve relations with and build close ties to the People's Republic of China.

✓ ERIC HAFNER will work to STOP ASIAN HATE!

✓ ERIC HAFNER will work hard to get financial support and compensation for the Maui wildfire's victims, and open a congressional inquiry to investigate the fires.

---

Page 7 of 20 ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

### *DEMOCRAT FOR U.S. CONGRESS 2024*
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

### ARGUMENTS

<u>Nelson Mandela</u> remarked, "[i]t is said that no one truly knows a nation until one has been inside its jails. A nation should not be judged by how it treats its highest citizens, but its lowest ones ...."

*A Long Walk to Freedom*, Nelson Mandela, pp. 174-1-75 (1994).

**ERIC HAFNER** is indigent, and has been detained in federal custody since September of 2019. **ERIC HAFNER** has no funds to pay any fees, and as he is held in the custody of the U.S. Marshal, he cannot gather signatures either.

**ERIC HAFNER** is a Registered & Active Democratic Party voter, and is detained at the Essex County Jail, 354 Doremus Ave, Newark NJ 07105-4882.

### DEFENDANTS

**HAWAI'I CHIEF ELECTIONS OFFICER MR. SCOTT T. NAGO** is sued in his official capacity. He resides in his official capacity at Hawai'i Chief Elections Officer, 802 Lehua Ave, Pearl City, Hawai'i 96782. As the Chief Elections officer, he is responsible for all State of Hawai'i elections, ballots, and candidate registrations. All State of Hawai'i elections are carried out under his authority.

### STATEMENT OF JURISDICTION

# ERIC HAFNER

## *DEMOCRAT FOR U.S. CONGRESS 2024*
## SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
## ALOHA FOR AMERICA

**Federal Jurisdiction is provided via**

**28 U.S.C. § 1331 & 42 U.S.C. § 1983.**

The Eleventh Amendment to the United States Constitution does not bar suits against the State when the State terminates a state-created liberty interest without due process. The United States Supreme Court has "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment." Vitek v. Jones, 445 U.S. 480, 488, 100 S. Ct. 1254, 63 L. Ed. 2d 552 (1980)

A constitutionally protected liberty interest can arise from the Constitution or from state statutes, policies and practices. Hewitt v. Helms, 459 U.S. 460, 466 (1983)

**It is beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights.**

See *Ex parte Young,* 209 U.S. 123, 160-162 [28 S. Ct. 441, 454-55, 52 L. Ed. 714] (1908).

### STATEMENT OF VENUE

The District of Hawai'i is an appropriate venue for this action under 28 U.S.C. § 1391(b)(1) because the U.S. House of Representatives seat in question is located in the District of Hawai'i – the Second U.S. Congressional District of Hawai'i & the State Capitol is located in Hawai'i – where the Defendant resides in his official capacity – all within the federal judicial District of Hawai'i.

### VIOLATIONS ALLEGED & RELIEF SOUGHT

**ERIC HAFNER**, Plaintiff, seeks for the honorable Court to issue a declaratory and injunctive order stating all the fee and signature candidate requirements are unconstitutional as applied to him.

---

Page 9 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

**Powered by Voters Like You**

# ERIC HAFNER

## *DEMOCRAT FOR U.S. CONGRESS 2024*
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

Such as any, in-person requirement to file, any signature, residency, in-person delivery and any fee requirements to appear on the ballot as Democratic Party candidate for United States Representative (Congressman) in Hawai'I – Second U.S. Congressional District are a violation of **ERIC HAFNER's federal constitutional rights.** Specifically the U.S Constitution First, Fifth & Fourteenth Amendments (Free Speech, Political Expression, Substantive Due Process, Procedural Due Process, Equal Protection, and incorporation clause) *as-applied* to him. These limitations also impermissibly add unconstitutional requirements to the office, beyond the Qualifications Clause see U.S. Const. art. I, § 2, cl. 2, in violation of the United States Constitution.

Plaintiff **ERIC HAFNER** seeks the honorable Court to order the Chief Elections Officer Mr. Scott T. Nago to register him as a declared 2024 Hawai'i Democratic Party Primary U.S. Representative candidate in Hawai'i Second U.S. Congressional District, with full ballot access, placing him on the primary and general election ballot as the Democratic Party candidate.

Hawai'i's state election laws for primary election candidates are codified at **H.R.S. § 12-1 et seq**.

A prospective Democratic Party U.S. Congressional candidate must pay $75 *see* **H.R.S. § 12-6**. Indigent candidates also have the option of gathering signatures ½ of 1% of registered voters in the district for ballot access, but as Plaintiff, **ERIC HAFNER**, is incarcerated, he is not able to gather signatures.

Candidates must collect signatures to run, specifically 25 registered voters from within the district. *see* **H.R.S. §§ 12-5; 12-3** . The requirement for ballot access of voter signatures is also not possible for **ERIC HAFNER** to provide, as he is being held in a jail, and is prevented by the government from collecting voter signatures in Hawai'i. Plaintiff certainly also has no ability to deliver anything in-person, subscribe to any oath or affirmation in person, nor the ability to pay any fees. Per **H.R.S. § 12-2.5** nomination papers become available on the first working day of March 2024 – but Plaintiff cannot obtain them, as he is in jail and cannot go to the Hawai'i elections office.

**H.R.S. § 12-2 mandates that the primary election is held on the second Saturday of August. Primary shall be held last Tuesday of June 2024, and that all general election candidates first clear the hurdle of the primary.**

---

Page 10 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

**Powered by Voters Like You**

# ERIC HAFNER

## <u>DEMOCRAT FOR U.S. CONGRESS 2024</u>
## SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### *ALOHA FOR AMERICA*

**Plaintiff, ERIC HAFNER, is in jail, so it is simply impossible for him to meet <u>any</u> of these requirements, and they are clearly unconstitutional *as-applied* to him! Therefore, the U.S. Constitution demands, they must be enjoined!**

The Qualifications Clause provides: "No person shall be a Representative who shall not have attained the Age of twenty five years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." U.S. Const. art. 1, 2, cl.2. These three requirements are an exhaustive list; any additional qualifications imposed by state or federal law are unconstitutional. *U.S. Term Limits v. Thornton*, 514 U.S. 779, 827, 115 S. Ct. 1842, 131 L. Ed. 2d 881 (1995); Powell v. McCormack, 395 U.S. 486, 550, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969). Plaintiff clearly meets these requirements, he was born in 1991 in the United States, and has been a citizen his entire life.

The Court has duty to strike down any law that acts as "**an absolute bar to candidates, who otherwise meet the requirements of the Qualifications Clause**" or has the "**likely effect of handicapping an otherwise qualified class of candidates**." Schaefer v. Townsend, 215 F.3d 1031, 1035 (9th Cir. 2000).

The Qualifications Clause is the sole governing provision regarding the entry requirements of an individual to serving as a member of the House of Representatives in the United States Congress. The United States Supreme Court issued its opinion that solidified this fact in *U.S. Term Limits v. Thornton*. In *Term Limits v. Thornton*, the Supreme Court struck down an Arkansas state law imposing term limits on members of the United States House of Representatives and Senate. 514 U.S. 779, 1995 U.S. LEXIS 3487, 131 L. Ed. 2d 881, 115 S. Ct. 1842, 1871 (1995). After an exhaustive analysis, the Supreme Court determined that the **Framers of the Constitution included the Qualifications Clause specifically to establish nationally uniform qualifications for congressional candidates.** <u>Id.</u> The Supreme Court concluded, therefore, that <u>only a federal constitutional amendment</u> may add to or detract from the Qualifications Clause. <u>Id.</u>

---

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

**Powered by Voters Like You**

# ERIC HAFNER

## *DEMOCRAT FOR U.S. CONGRESS 2024*
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### *ALOHA FOR AMERICA*

An **unconstitutional qualification establishes a categorical bar to an *entire class* of candidates seeking office**. *Term Limits v. Thornton*, 514 U.S. 779, 835. "The Framers intended the Elections Clause to grant States authority to create procedural regulations, **not to provide the state with license to exclude classes of candidates from federal office**." Id. at 832-33. Thus, an absolute bar to holding office "'**cloaked in ballot access clothing**'" **constitutes an unconstitutional additional qualification**. Id. at 830 (quoting Gomillion v. Lightfoot, 364 U.S. 339, 345, 81 S. Ct. 125, 5 L. Ed. 2d 110 (1960)). **In other words, a state election law "is unconstitutional when it has the likely effect of handicapping a class of candidates and has the sole purpose of creating additional qualifications."** Id. at 836 (emphasis added). **Clearly, that is exactly what these requirements do.**

U.S. Const. amend. XIV, 1 states, in its pertinent part: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws."

Judicial review has resulted in injunctions against state election laws in the context of federal election candidates. For example, State of Colorado election laws requiring residency for signature gathering pertaining to U.S. Congressional Candidates have been found in recent years to be in violation of the United States Constitution, and federal courts have enjoined their enforcement. See e.g. *Goodall v. Griswold* 369 F. Supp. 3d 1144 (D. Colo. 2019) & *Goodall v. Williams* 324 F. Supp. 3d 1184 (D. Colo. 2018).

### **POINTS & AUTHORITIES**

Dillon v. Fiorina, 340 F. Supp. 729 (D.N.M. 1972). In Dillon, the district court struck down a New Mexico statute that prevented any person from becoming a candidate for United States Senator "*unless he had been affiliated with that party for at least one year prior to the filing date for the primary election.*" Id. at 730. The court determined that, because the statute in effect required residency for two years within New Mexico, it added an "*impermissible requirement*" to the qualifications for candidacy. Id. at 731; see also State ex rel. Chavez v. Evans, 79 N.M. 578, 446 P.2d 445, 448 (N.M. 1968) (holding that provision requiring candidate to be a resident and qualified elector "unconstitutionally adds additional qualifications"); Hellmann v. Collier, 217 Md. 93, 141 A.2d 908, 912 (Md. 1958) (per curiam) (invalidating requirement that a congressional

---

# ERIC HAFNER

## *DEMOCRAT FOR U.S. CONGRESS 2024*
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

representative must reside in the district from which he is elected); see also Application of Ferguson, 57 Misc. 2d 1041, 294 N.Y.S.2d 174, 175-76 (1968) (holding that state may not exclude convicted felon as a candidate for the United States Senate); Danielson v. Fitzsimmons, 232 Minn. 149, 44 N.W.2d 484, 486 (Minn. 1950) (holding that state cannot render person convicted of conspiracy to overthrow the government ineligible for Congress).

State of New Mexico statute Section § 3-8-26 required candidates for nominations in primary elections to pay filing fees amounting to 6% of the first year's salary for some offices and a stated sum for certain offices. The constitutionality of § 3-8-26 was attacked in *Dillon v. Fiorina*, D.N.Mex., 340 F. Supp. 729, by a candidate for nomination to the office of United States Senator. On March 24, 1972, a three-judge federal district court held that the fee was indistinguishable from the fees struck down in *Bullock v. Carter*, 405 U.S. 134, 31 L. Ed. 2d 92, 92 S. Ct. 849, and declared that the statute "is unconstitutional as it applies to the office of United States Senator," 340 F. Supp. at 730.

Federal courts have enjoined states from requiring that any candidate for U.S. Representative be registered to vote as a requirement for access to the ballot; for example, the State of New Mexico is also barred from requiring voter registration as sole method by which a candidate may demonstrate that he or she has fulfilled any other ballot access requirement set forth in the Election Code. *Woodruff v. Herrera*, 2010 U.S. Dist. LEXIS 153015 (D.NM 2010)

Courts have recognized that restrictions on ballot access interfere specifically with candidates' and political parties'"right to associate for political purposes" and with "the rights of qualified voters to cast their votes for the candidates of their choice." *Hall v. Merrill*, No. 2:13cv663-MHT, 212 F. Supp. 3d 1148, 2016 U.S. Dist. LEXIS 135446 (M.D. Ala. Sept. 30, 2016) (Thompson, J.) *reversed on other grounds in*, *Hall v. Sec'y, State of Alabama*, 902 F.3d 1294, (11th Cir. 2018), *cert. denied by Hall v. Merrill*, 205 L. Ed. 2d 27 (U.S., 2019),, citing *Williams v. Rhodes*, 393 U.S. 23, 30, 89 S. Ct. 5, 21 L. Ed. 2d 24 (1968). Courts have adopted a sliding scale balancing test to address constitutional challenges to state election laws.

A court first must consider "the character and magnitude" of the burden on ballot access. *Anderson v. Celebrezze*, 460 U.S. 780, 789, 103 S. Ct. 1564, 75 L. Ed. 2d 547 (1983). A court "then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule." *Id*. A court must balance both parties' interests and "consider the extent to which those interests make it necessary to burden the plaintiff's rights." *Id*. The level of

---

# ERIC HAFNER

## *DEMOCRAT FOR U.S. CONGRESS 2024*
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

scrutiny varies depending on the character and severity of the burden imposed by the State. *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 358-59, 117 S. Ct. 1364, 137 L. Ed. 2d 589 (1997); *Burdick v. Takushi*, 504 U.S. 428, 434, 112 S. Ct. 2059, 119 L. Ed. 2d 245 (1992).

Regulations that impose a severe burden on First and Fourteenth Amendment rights "must be narrowly tailored and advance a compelling state interest." *Timmons*, 520 U.S. at 358-59. Regulations that impose a lesser burden "trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Id.*

The relevant inquiry to determine the severity of the burdens examines whether the State's "ballot access requirements seriously restrict the availability of political opportunity." *Arizona Green Party v. Reagan*, 838 F.3d 983, 989 (9th Cir. 2016), citing *Libertarian Party of Wash. v. Munro*, 31 F.3d 759, 762 (9th Cir. 1994). The plaintiff bears the initial burden of showing such restrictions. *Arizona Green Party*, 838 F.3d at 989. A court should measure the burden "by whether, in light of the entire statutory scheme regulating ballot access, 'reasonably diligent' [parties] can normally gain a place on the ballot." *Nader v. Brewer*, 531 F.3d 1028, 1035 (9th Cir. 2008) (internal citations omitted).

Plaintiff argues that Hawai'i's signature/in-person and other described candidate requirements are unconstitutional facially & *as-applied to him*, represent a severe burden on his constitutional rights, and are not valid.

Various decisions support Plaintiff's arguments. One such case is *Hall v. Merrill*, No. 2:13cv663-MHT, 212 F. Supp. 3d 1148, 2016 U.S. Dist. LEXIS 135446 (M.D. Ala. Sept. 30, 2016). The plaintiffs in *Hall* brought an as applied challenge to Alabama's 3 percent (5,938 signatures) signature requirement for independent and minor party candidates in the context of a special election. The special election was called to fill a vacant seat for the United States House of Representatives, similar to the election at issue. The court in *Hall* granted summary judgment to the plaintiffs. The court cited as support the shortened time to collect signatures in a special election, little to no preparation time for a signature drive, the off year nature of the special election, and little historical evidence that gaining access to the ballot as an independent or minor party candidate proved practically possible in a special election. 2016 U.S. Dist. LEXIS 135446, at *47-*48. The court determined that these factors constituted a severe burden. 2016 U.S. Dist. LEXIS 135446, at *47.

---

# ERIC HAFNER

## *DEMOCRAT FOR U.S. CONGRESS 2024*

### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

The holding in *Jones v. McGuffage*, 921 F. Supp. 2d 888 (N.D. Ill. 2013) also supports Plaintiff's position. The court in *Jones* struck down Illinois's 5 percent signature requirement in the context of a special election for the United States House of Representatives. The court granted the preliminary injunction on the basis that independent and minor party candidates faced substantial burdens. These burdens included a shortened time window to obtain signatures (62 days), the absence of any time to prepare a signature gathering effort, and the harsh winter conditions that occurred during the signature gathering period. *Id.* at 898-99. The ballot access scheme and the factual context in *Jones* closely resemble the facts and issues presented in this case.

Qualifications of members of Congress are prescribed by federal Constitution, and state cannot impose additional requirements for office, but may impose only *reasonable* provisions as to time and method of getting name on the ballots. *Shub v. Simpson*, 196 Md. 177, 76 A.2d 332 (1950).

Constitutional qualifications necessary for office of Representative cannot be added to by state. *Danielson v. Fitzsimmons*, 232 Minn. 149, 44 N.W.2d 484 (Minn. 1950).

Qualifications enumerated by federal Constitution for membership in lower house of Congress are exclusive, and state constitutions and laws can neither add to nor take away from them. *State ex rel. Sundfor v. Thorson*, 72 N.D. 246, 6 N.W.2d 89 (N.D. 1942).

California's requirement that candidates register to vote before filing nomination papers, which required them to establish residency in state, violated qualifications clause by handicapping class of nonresident candidates who otherwise qualified to run for Congress, and could not be justified under its power to regulate procedural aspects of elections, since it was substantive qualification. *Schaefer v. Townsend*, 215 F.3d 1031, 2000 Cal. Daily Op. Service 4928, 2000 D.A.R. 6609 (9th Cir. 2000), cert. denied, 532 U.S. 904, 121 S. Ct. 1225, 149 L. Ed. 2d 136 (2001).

Defendant state republican party chairwoman's declaration before election that its candidate was ineligible to run for Congress under Tex. Elec. Code Ann. § 145.003, based on finding that candidate did not reside in Texas, violated Qualifications Clause, U.S. Const. art. 1, § 2, cl. 2, which only required residency when elected; injunction in favor of plaintiff state democratic party chairman, against removing candidate from ballot was affirmed. *Tex. Democratic Party v. Benkiser*, 459 F.3d 582 (5th Cir. 2006).

*Belitskus v. Pizzingrilli*, 2003 U.S. App. LEXIS 18910 (3d Cir. 2003), an elections ballot access & 42 U.S.C. § 1983 case, plaintiffs contended that the mandatory nature of the fee, coupled with

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
## SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
## ALOHA FOR AMERICA

the absence of an alternative means by which indigent candidates might gain access to the ballot, violated the Fourteenth Amendment. The appellate court first concluded that a significant impact of such a fee on an indigent candidate's ability to meet personal living expenses and on the candidate's campaign strategy and allocation of resources satisfied standing requirements. **On the merits, as a backdrop, a state could not, consistent with constitutional standards, require from an indigent candidate filing fees he could not pay. Under the Anderson balancing test, the regulations had to be narrowly drawn to advance a state interest of compelling importance. It rejected regulation and/or limitation of candidates permitted on the ballot as a potential justification.** The second asserted justification--that the Commonwealth had a legitimate interest in defraying the costs of elections, was rejected in an "as applied analysis." **By failing to provide a reasonable alternative means of ballot access, it improperly made economic status a decisive factor in determining ballot access.**

*Esshaki v. Whitmer*, 455 F. Supp. 3d 367, 2020 U.S. Dist. LEXIS 68254 (E.D. Mich., Apr. 20, 2020), is also instructive. Candidates were entitled to injunctive relief because **state's signature requirement** under Mich. Comp. Laws 168.544f **in conjunction with COVID-19 Stay-at-Home Order imposed a severe burden on candidates, and the broader public interest was not served by encouraging candidates and supporters to risk their health and criminal penalties to gather signatures.** The District Court determined that Plaintiff candidates were entitled to injunctive relief because the state's signature requirement under Mich. Comp. Laws 168.544f in conjunction with a Stay-at-Home Order **imposed a severe burden on candidates**, and the broader public interest was not served by encouraging candidates and supporters to risk their health and criminal penalties to gather signatures. Injunctive relief granted.

Federal election candidates behind bars are nothing new. Lyndon H. LaRouche, Jr. ran for the U.S. Presidency in 1992 while serving a federal sentence he received in 1988 for several counts of mail fraud. See LaRouche v. Fed. Election Comm'n, 996 F.2d 1263, 1264, 302 U.S. App. D.C. 184 (D.C. Cir. 1993) cert. denied 510 U.S. 992, 114 S. Ct. 550, 126 L. Ed. 2d 451 (1993). Similarly, Eugene Debs ran as the Socialist Party's candidate for the presidency in 1900, 1904, 1908, 1912 and 1920. **In 1920, Debs ran for president while serving time in federal prison for sedition.**

Plaintiff acknowledges that the federal judiciary has generally upheld, *for non-incarcerated candidates*, the constitutionality of statutes requiring signatures on nominating petitions for ballot access. *Dillon v. Evans*, 549 F.2d 183, 184 (10th Cir. 1977) ("The constitutionality of statutes

---

Page 16 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

**Powered by Voters Like You**

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

requiring nominating petitions, or their functional equivalent, which contain a number of signatures equal to a percentage of total voters is beyond question."). **Yet there are almost always exceptions to general rules. Hence this *as-applied* challenge.**

Regardless of whether such a requirement of signatures on nominating petitions for ballot access might be constitutional for the average, free candidate, Plaintiff is stuck in jail and that is the framework of the review for the court to conduct in the instant case. Such cases with non-incarcerated candidates are inapposite in the instant matter, as Plaintiff is in jail. Clearly *as-applied* to the Plaintiff, **ERIC HAFNER**, the requirements of signatures simply are not constitutional. The Plaintiff, **ERIC HAFNER**, has been in jail since 2019, and is seeking to be placed on Hawai'i's Democratic Party 2024 Primary Ballot, where he seeks the Democratic Party nomination to serve as U.S. Representative for the Second Hawai'i U.S. Congressional District.

Plaintiff, **ERIC HAFNER**, simply wants to go straight to the primary ballot, making his case for election to the Democratic Party voters of Hawai'i's U.S. Congressional District, and then onto all the voters of Hawai'i's Second U.S. Congressional District as Democratic nominee for U.S. Representative.

**Even behind bars, Plaintiff, ERIC HAFNER, has managed to do at least some political networking. Last week, ERIC HAFNER took part in an interfaith Thanksgiving prayer service at the Essex County Correctional Facility in Newark, NJ that was sponsored by the NJ Reentry Corporation – and graciously headlined by their CEO, former New Jersey Governor Jim McGreevy, who ERIC HAFNER had the pleasure to meet. Plaintiff candidate, ERIC HAFNER, upon election, will seek to obtain federal funding to provide similar services in the State of Hawai'i, at no cost to the state or local governments, and invite Governor McGreevy to visit Hawai'i, and provide advice regarding creating new and effective, reentry programs for the formerly incarcerated in Hawai'i.**

Clearly, based on the U.S. Const. art. I, § 2, cl. 2, Plaintiff, **ERIC HAFNER** is eligible to serve in the United States House of Representatives. But given the fact that he is incarcerated – detained in federal custody since 2019 – *as-applied* to him, a petition signature *requirement as-applied* violates the First, Fifth, and Fourteenth Amendment rights of **ERIC HAFNER**, relating to Free Speech; Political Expression; Equal Protection; Substantive Due Process & Procedural Due Process & the qualifications clause (U.S. Const. art. I, § 2, cl. 2).

---

Page 17 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

**TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809**

**Powered by Voters Like You**

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

Woodruff v. Herrera, 623 F.3d 1103, 2010 U.S. App. LEXIS 24154 (10th Cir. 2010) (registered voter requirement for congressional candidates, found in N.M. Stat. Ann. § 1-8-18 was stricken as unconstitutional)

### CLAIM FOR RELIEF

Plaintiff, seeks declaratory and injunctive relief from the Court, declaring that for the reasons stated above the signature requirements; in-person delivery; and any fee requirements to gain ballot access in Hawai'i's 2024 Democratic Party Second U.S. House District primary for U.S. Representative are unconstitutional facially & *as-applied* to Plaintiff, **ERIC HAFNER** who is indigent and incarcerated.

## Plaintiff requests that this Court grant:

A. A declaratory judgment that Hawai'i's foregoing statutory candidacy requirements see H.R.S. § 12-1 et seq including any fee, signature, voter registration, residency, criminal record exclusions, and others that are unconstitutional on their face *as-applied* to plaintiff, for the reasons set forth above and those in Bullock v. Carter, 405 U.S. 134 (1972) ; Dillon v. Fiorina, 340 F. Supp. 729 (D.NM 1972) & Stack v. Adams, 315 F. Supp. 1295 (N.D. Fla. 1970) are unconstitutional and cannot be enforced.

B. An order enjoining defendants, their successors, their agents, and all persons acting in concert with them who have knowledge of the injunction from requiring any signatures and/or payment of any fee for ERIC HAFNER to be listed as a declared candidate on the 2024 Hawai'i Democratic Party primary ballot for U.S. Representative in

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

Hawai'i's Second Congressional District U.S. Representative Democratic Party primary & the General Election for the same seat (assuming Plaintiff wins the primary), waiving all fees and signature requirements for Plaintiff ERIC HAFNER.

C. Ordering that Plaintiff, ERIC HAFNER is listed on the 2024 Hawai'i Second District Congressional Democratic Party primary ballot as a candidate for U.S. Representative in Hawai'i Second U.S. Congressional District, and same for the 2024 General Election ballot, assuming he is the winner of the primary election.

D. All other relief that is just and proper.

### VERIFICATION STATEMENT

I, **ERIC HAFNER**, verify under penalty of perjury all that all of the foregoing information I have provided is true and correct to the best of my knowledge. I understand there are penalties for knowingly false statements.

Respectfully submitted,

*Eric Hafner*

ERIC HAFNER                    Dated: November 27, 2023
354 DOREMUS AVE

---

Page 19 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You

# ERIC HAFNER

## DEMOCRAT FOR U.S. CONGRESS 2024
### SECOND U.S. CONGRESSIONAL DISTRICT OF HAWAI'I
### ALOHA FOR AMERICA

NEWARK NJ 07105     TELEPHONE CONTACT MOTHER
                    LEAVE MESSAGE 1-212-920-4809

Page 20 of 20 <u>ERIC HAFNER v. HI STATE CHIEF ELECTION OFFICER SCOTT T. NAGO</u>

TELEPHONE CONTACT LEAVE A MESSAGE FOR MOTHER AT 212-920-4809

Powered by Voters Like You